IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 1:25-cv-00420 |
| § | |
| MARY ALICE COOK, LASONDRA SHAWNTEL COOK, DEJA ALAINE MOSS, and SARAH RONKE OYEWALE AS NEXT FRIEND OF J. P. AND J. C., MINORS § § § § § § § | |
| Defendants. § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff PHH Mortgage Corporation ("Plaintiff" or "PHH"), its successors and assigns files this its Original Complaint against Defendants Mary Alice Cook, Lasondra Shawntel Cook, Deja Alaine Moss, and Sarah Ronke Oyewale as Next Friend of J.P. and J.C., minors, (collectively "Defendants"), and respectfully shows the Court as follows:

**I. PARTIES**

1.      Plaintiff PHH Mortgage Corporation is the mortgagee of the mortgage loan secured by the Property made the subject of this suit, as defined by the Texas Property Code, and is the party entitled to enforce the Deed of Trust made the subject of this suit.

2.      Defendant Mary Alice Cook is the deceased borrower's wife and heir-at-law of the deceased borrower. Mary Alice Cook may be served with process at 6033 Garth Rd. Apt 2205, Baytown, Texas 77521 (Harris County), or such other place as she may be found. Summons is requested.

3. Defendant Lasondra Shawntel Cook is the deceased borrower's daughter and heir-at-law of the deceased borrower. Lasondra Shawntel Cook may be served with process at 6024 Elfen Way, Austin, Texas 78724 (Travis County), or such other place as she may be found. Summons is requested.

4. Defendant Deja Alaine Moss is the grandaughter and heir-at-law of the deceased borrower. Deja Alaine Moss may be served with process at 2171 Inverness Forest Blvd # 2035, Houston, Texas 77073 (Harris County), or such other place as she may be found. Summons is requested.

5. Defendant Sarah Ronke Oyewale is the next friend of J.P. and J.C., minors who are the granchildren and heirs-at-law of the deceased borrower. Sarah Ronke Oyewale may be served with process at 216 Dalgoner Ln., Temple, Texas 76502 (Bell County) or such other place as she may be found. Summons is requested.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

7. Plaintiff PHH Mortgage Corporation is a New Jersey corporation with its principal place of business in Mount Laurel, New Jersey. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of New Jersey for diversity purposes.

8. Defendant Mary Alice Cook is an individual who resides at 6033 Garth Rd. Apt 2205, Baytown, Texas 77521 and is domiciled in Harris County, Texas. Therefore, Defendant

Mary Alice Cook is a citizen of Texas for diversity purposes.

9. Defendant Lasondra Shawntel Cook is an individual who resides at 6024 Elfen Way, Austin, Texas 78724 and is domiciled in Travis County, Texas. Therefore, Defendant Lasondra Shawntel Cook is a citizen of Texas for diversity purposes.

10. Defendant Deja Alaine Moss is an individual who resides at 2171 Inverness Forest Blvd # 2035, Houston, Texas 77073 and is domiciled in Harris County, Texas. Therefore, Defendant Deja Alaine Moss is a citizen of Texas for diversity pruposes.

11. Defendant Sarah Ronke Oyewale as next friend of J.P. and J.C., minors, is an individual who resides at 216 Dalgoner Ln., Temple, Texas 76502 and is domiciled in Smith County, Texas. Therefore, Defendant Sarah Ronke Oyewalke is a citizen of Texas for diversity purposes.

12. Because Plaintiff is a citizen of New Jersey and Defendants are citizens of Texas there is complete diversity among the parties. See 28 U.S.C. § 1332(c)(1).

13. In this suit, Plaintiff seeks declaratory relief and to foreclose on a mortgage loan that encumbers Property that, pursuant to Travis County Appraisal District, is valued at $342,908.00.[1] A true and correct copy of the Travis County Appraisal District's valuation of the property is attached hereto as **Exhibit A**. Accordingly, the amount in controversy meets and exceedcs the federal jurisdictional minimum of $75,000.00. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293

---

[1] PHH respectfully requests that the Court take judicial notice of Exhibit A.

F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); see also *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

14. Venue is proper in the Western District of Texas, Austin Division, because this suit concerns title to real property located in Travis County, Texas. *See* 28 U.S.C. §§ 124(d)(1), 1391 (b)(2).

## III.  FACTS

15. On or about July 13, 2016, Decedent Bobby Edward Cook ("Borrower" or "Decedent") executed a Note ("Note") in the principal amount of $126,107.00 in favor of Freedom Mortgage Corporation bearing interest at 3.75% per annum. A true and correct copy of the Note is attached hereto as **Exhibit B**.  To secure repayment of the Note, Borrower executed a Deed of Trust ("Deed of Trust") (collectively, the "Loan" or "Loan Agreement"), that encumbers the real property commonly known as 6024 Elfen Way, Austin, Texas 78724 (the "Property"), and more particularly described as follows:

> **LOT 14, BLOCK I, THE WOODLANDS SECTION 3, AN ADDITION TO THE CITY OF AUSTIN, TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN DOCUMENT NO. 200700163 OF THE OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS**.

16. The Deed of Trust was recorded in the Official Public Records of Travis County, Texas as Document No. 2016116118 on July 19, 2016. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C**. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as designated nominee for Freedom Mortgage Corporation, its successors and assigns, and beneficiary under the Deed of Trust.

17. MERS transferred and assigned the Deed of Trust to PHH Mortgage Corporation, LLC on September 11, 2023. The Assignment of Deed of Trust was recorded in the Official Public

Records of Travis County, Texas as Document No. 2023104114 on September 11, 2023. A true and correct copy of the assignment is attached hereto as **Exhibit D**.

18. On or about May 30, 2023, Decedent passed away. Upon information and belief, no probate is open for Decedent's estate in Travis County, Texas, the county where the Property is located and the county in which he died.

19. Plaintiff retained a private investigator to perform an heir search for purposes of identifying Decedent's heirs-at-law. The investigator's report confirms that at the time of his death, Decedent was married to Mary Alice Cook. Decedent had one daughter, Lasondra Shawntel Cook, and two sons, Bobby Edward Cook, Jr. and Jonathan Corbert Cook, who both predeceased the Decedent. At the time of Jonathan Corbert Cook's death, he had three children including Deja Aliane Moss, J.P., and J.C. Both J.P. and J.C. are minor children who reside with Sarah Ronke Oyewale. Sarah Ronke Oyewale is the biological mother of J.P. and has legal guardianship of J.C.

20. After Decedent's death in May 2023, no payments were made under the Note. On August 18, 2023, a Notice of Default was sent via certified mail to Decedent at the Property Address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**. Despite such notice and demand, no payment was made to bring the Note current. On November 24, 2023, Plaintiff, through counsel, accelerated the maturity of the Note by mailing a Notice of Acceleration of Loan Maturity to Decedent by regular and certified mail to the last known address of the Decedent, which was the Property address. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F**.

21. The Loan is now past due for the July 1, 2023 payment and all subsequent payments accrued. Payment of the past due balance on the debt has not been received by Plaintiff. The total

amount to payoff the Loan as of August 7, 2025 was $118,185.26, subject to additional interest, fees, and costs as authorized by the terms of the Loan Agreement.

22.     Plaintiff files this Complaint to include the heirs at law of the now deceased Borrower, Bobby Edward Cook. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedent acquired all of his estate, including an undivided interest in the subject real property, immediately upon his death. Decedent's heirs are each made a party in this proceeding.

23.     But for the death of the Decedent, Plaintiff would have exercised its right to enforce its power of sale in the Deed of Trust against the Property because of the material breach of the Loan Agreement. The most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property would be a public auction of the Property. The rights, responsibilities, and duties of Plaintiff and the trustee of the Deed of Trust are well known under TEX. PROP. CODE § 51.002 and Texas case law; therefore, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process.

24.     All conditions precedent have been performed or occurred for Plaintiff to enforce its security interest against the Property.

### IV.     CAUSE OF ACTION

**A.     Declaratory Relief**

25.     The foregoing paragraphs are incorporated by reference for all purposes.

26.     Plaintiff seeks a declaratory judgment allowing it to proceed with the non-judicial foreclosure sale of the Property. Plaintiff seeks a declaratory judgment that establishes (1) that all conditions precedent to foreclose on the Property occurred; (2) that the loan is in default; (3) that

Plaintiff, as mortgagee, is entitled to proceed with its foreclosure proceedings; and (4) that the requisite notices were sent as required by the Deed of Trust and the Texas Property Code.

27.     Declaratory Judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Spawglass Construction Corporation v. City of Houston*, 974 S.W.2d 876 (Tex. App – Houston 1998, no writ). Based on the UNIFORM DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* and the Loan Agreement, Plaintiff seeks a Declaratory Judgment from this Court with a judgment for non-judicial foreclosure of the Property pursuant to the Loan Agreement and the Texas Property Code.

28.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff as the mortgagee is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

**B.     Enforcement of Statutory Lien and Non-Judicial Foreclosure**

29.     Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

      a.     TEX. ESTATES CODE § 101.001, which states in pertinent part:

*"Subject to Section 101.051, the estate of a person who dies intestate vests immediately in the person's heirs at law"*

      b.     TEX. ESTATES CODE § 101.051, which states in pertinent part:

*"A decedent's estate vested in accordance with Section 101.001 subject to the payment of, and is still*

*liable for the debts of the decedent, except as exempted by law…"*

Also see:

c. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes,"* and

d. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

30. Plaintiff's statutory lien gives Plaintiff an enforceable and superior *in rem* lien against the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory lien against the Property according to the terms of the Loan Agreement and TEX. PROP. CODE § 51.002 or TEX. R. CIV. P. 309. Plaintiff seeks no personal liability against the Defendants. Plaintiff seeks only the *in rem* interest in the Property acquired by the Defendants upon the death of the Decedent.

31. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property

Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

**C.    Judicial Foreclosure**

32.    The foregoing paragraphs are incorporated by reference for all purposes.

33.    In the alternative, Plaintiff seeks a judgment for judicial foreclosure of the Property. Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure may also be foreclosed on by an action for judicial foreclosure. TEX. R. CIV. P. 735.3. Therefore, pleading in the alternative, Plaintiff files this claim for judicial foreclosure.

34.    Plaintiff has the right to enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Loan Agreement. However, Decedent did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). Notices of default and intent to accelerate and acceleration were mailed in compliance with the terms of the Loan and Texas law. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the U.S. Marshal or the sheriff or constable of Travis County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

**D.    Damages**

35.    Based on breach of the Decedent's obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least the payoff of the Loan Agreement. That amount

continues to accrue, and Plaintiff is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

**E.      Attorney's Fees**

36.     As a result of the breach of the obligation under the Loan Agreement, Plaintiff has been forced to retain the undersigned legal counsel to institute and prosecute this action. Under the terms of the Note and Deed of Trust, the reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust are collectable against the Loan Agreement, to include any appeal to a Court of Appeals or an appeal to the U.S. Supreme Court. Pursuant to the terms of the Deed of Trust, Plaintiff is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff PHH Mortgage Corporation its successors and assigns requests that judgment be granted in its favor with respect to all claims asserted herein, and for all further and other relief, whether at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: __/s/ Crystal G. Gibson__
    **Crystal G. Gibson**
    Texas Bar No. 24027322
    cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**