# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| PHH MORTAGE CORPORATION,<br>*Plaintiff*<br><br>v.<br><br>MARY ALICE COOK, LASONDRA SHAWNTEL COOK, DEJA ALAINE MOSS, and SARAH RONKE OYEWALE AS NEXT FRIEND OF J.P. AND J. C., MINORS,<br>*Defendant* | § § § § § § § § § § § CASE NO. 1:25-CV-00420-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff PHH Mortgage's Motion for Default Judgment as to Defendants Mary Alice Cook, Lasondra Shawntel Cook, Deja Alaine Moss, and Sarah Ronke Oyewale as Next Friend of J.P. and J.C., minors, filed July 9, 2025 (Dkt. 12).[1]

### I.  Background

On or about July 13, 2016, Decedent Bobby Cook executed a Note for $126,107.00 payable to Freedom Mortgage Corporation and a Deed of Trust encumbering property located at 6024 Elfen Way, Austin, Texas 78724 (the "Property"). Complaint, Dkt. 1 ¶ 15. Freedom Mortgage assigned the Deed of Trust to Mortgage Electronic Registration Systems, Inc., which in turn assigned it to Plaintiff PHH Mortgage. *Id.* ¶¶ 16-17. PHH has the right to enforce the deed. Dkt. 1-1 at 46.

---

[1] By Text Order entered July 10, 2025, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

PHH alleges that Decedent died on or about May 30, 2023, and that Defendants then acquired interest in the property and liability for the loan under the Texas Estates Code. Dkt. 1 ¶¶ 18, 22. No payments were made on the Note after Decedent's death. *Id.* ¶ 20. On August 18, 2023, PHH sent a Notice of Default to Decedent and demanded that default be cured. *Id.* Because Decedent failed to cure, PHH mailed a Notice of Acceleration to Decedent on November 24, 2023. *Id.*

PHH sued Defendants on March 20, 2025. Dkt. 1. PHH served Defendants, but they have failed to plead, respond, or otherwise defend. Dkt. 5-8, 10-11. On June 23, 2025, the Clerk entered default against all Defendants. Dkt. 11. PHH now seeks a default judgment against Defendants, which would allow non-judicial foreclosure of the Property. Dkt. 1. Defendants have not appeared.

## II.     Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* But even when the defendant technically is in default, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Courts apply a three-part test to determine whether to enter a default judgment. *Certain Underwriters at Lloyd's London v. Gonzalez*, No. 1:20-CV-343-RP, 2021 WL 2470363, at *1 (W.D. Tex. Jan. 26, 2021). First, the court considers whether entry of default judgment is procedurally warranted. *Id.* Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Finally, the court determines what relief, if any, the plaintiff should receive. *Id.*

### III.     Analysis

**A. Default Judgement is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, courts consider six factors:

>     (1) whether material issues of fact are at issue;
>     (2) whether there has been substantial prejudice;
>     (3) whether the grounds for default are clearly established;
>     (4) whether the default was caused by a good faith mistake or excusable neglect;
>     (5) the harshness of a default judgment; and
>     (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .") (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Second, taking Plaintiff's well-pleaded factual allegations as true, PHH has asserted a meritorious cause of action for non-judicial foreclosure based on Defendants' failure to make payments since July 1, 2023, and PHH will be substantially prejudiced if its request for default judgment is denied. Third, the grounds for default are clearly established. The Clerk has entered default against Defendants, who were properly served and have "failed to appear and participate at all, much less timely file a responsive pleading." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Defendants have failed to appear. Fifth, PHH seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment.

Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Defendants. For these reasons, the Court finds that default judgment is procedurally warranted.

## B. There Is a Sufficient Basis for Judgement in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). Based on failure to respond, courts assume a defendant admits all well-pleaded facts in a complaint, but a defendant "is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

To foreclose under a security instrument with a power of sale in Texas, the lender must show that (1) a debt exists, (2) the debt is secured by a lien created under Texas Constitution Art. XVI, § 50(a)(6), (3) the debtor is in default under the note and security instrument, and (4) the debtor received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

PHH has alleged sufficient facts that the debt exists. Dkt. 1 ¶ 15-17. It sufficiently pleaded that the debt is secured by a lien created under Art. 16, § 50(a)(6). Dkt. 1-1 at 34. PHH alleged that the Defendants are in default under the Note and Deed of Trust. Dkt. 1 ¶ 20. PHH also pleaded that notice of default and notice of acceleration were properly sent to the borrower. *Id.* Because Defendants have not appeared or responded, they contest none of the facts PHH alleges. Taking its allegations as true, PHH has pleaded sufficient facts to show that it is entitled to foreclose on the Property.

C. **A Declaratory Judgment is Appropriate Relief**

Finally, the Court must determine what relief the plaintiff should receive. *Gonzalez*, 2021 WL 2470363, at *1. PHH seeks a declaratory judgment allowing foreclosure on the Property. Dkt. 12 at 3-4. As discussed above, PHH has shown that it is entitled to this relief pursuant to the power of sale in the Deed of Trust.

PHH also seeks a judgment declaring that the Deed of Trust secures the outstanding balance of the debt, including pre-judgment interest and post-judgment interest from the date of judgment until paid, as well as costs of court and attorneys' fees in an amount to be determined by motion under Rule 54(d)(2)(B)(i). Dkt. 12 at 4. The Court finds that PHH has shown it is entitled to this relief under the remedies secured in the Deed of Trust in the case of default. Dkt. 1-1 at 6, 32-33.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff PHH Mortgage's Motion for Default Judgment Against Defendants Mary Alice Cook, Lasondra Shawntel Cook, Deja Alaine Moss, and Sarah Ronke Oyewale as Next Friend of J.P. and J.C., minors (Dkt. 12) and **ENTER DEFAULT JUDGMENT** in favor of PHH Mortgage. The Court further **RECOMMENDS** the District Court issue a declaratory judgment that:

(1) the material allegations of PHH's complaint are deemed admitted by Defendants;

(2) default occurred on the Note executed by Decedent Bobby Cook on or about July 13, 2016;

(3) the Deed of Trust signed by Decedent provides PHH, as the current owner of the Note and mortgagee of the Deed of Trust, a lien security interest on the Property in the event of default on the obligations of the Note;

(4) PHH is the current owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee as defined in Texas Property Code § 51.0001(4);

(5) the Deed of Trust secures the outstanding balance of the Note, attorney's fees, pre-judgment interest, post-judgment interest, and costs of court;

(6) due to default on the Note, PHH may enforce its *in rem* interest against the Property through non-judicial foreclosure of the Property by conducting a public auction in conjunction with all regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month;

(7) PHH may communicate with Defendants and third parties reasonably necessary to conduct the foreclosure sale;

(8) the award of any fees, costs, or interest is not an award of personal liability against Defendants but will be added as a charge to the total debt owed by Decedent and collected against the Property at the time of foreclosure; and

(9) this is a final judgment that fully and finally resolve all claims against all parties.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 30, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE