IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-420-RP |
| MARY ALICE COOK, et al., | § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Plaintiff's Motion for Default Judgment, (Dkt. 12). (R. & R., Dkt. 13). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on September 30, 2025. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

1

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 13), is **ADOPTED**. Plaintiff's Motion for Default Judgment, (Dkt. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court issues a declaratory judgment that:

(1) the material allegations of PHH's complaint are deemed admitted by Defendants;

(2) default occurred on the Note executed by Decedent Bobby Cook on or about July 13, 2016;

(3) the Deed of Trust signed by Decedent provides PHH, as the current owner of the Note and mortgagee of the Deed of Trust, a lien security interest on the Property in the event of default on the obligations of the Note;

(4) PHH is the current owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee as defined in Texas Property Code § 51.0001(4);

(5) the Deed of Trust secures the outstanding balance of the Note, attorney's fees, pre-judgment interest, post-judgment interest, and costs of court;

(6) due to default on the Note, PHH may enforce its in rem interest against the Property through non-judicial foreclosure of the Property by conducting a public auction in conjunction with all regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month;

(7) PHH may communicate with Defendants and third parties as reasonably necessary to conduct the foreclosure sale;

(8) the award of any fees, costs, or interest is not an award of personal liability against Defendants but will be added as a charge to the total debt owed by Decedent and collected against the Property at the time of foreclosure; and

(9) this is a final judgment that fully and finally resolve all claims against all parties.

The Court will enter final judgment by separate order.

**SIGNED** on October 28, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE