IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-420-RP |
| MARY ALICE COOK, et al., | § § § | |
| Defendants. | § | |

## FINAL JUDGMENT

On this date, the Court adopted United States Magistrate Judge Susan Hightower's report and recommendation concerning Plaintiff's Motion for Default Judgment, (Dkt. 12). (R. & R., Dkt. 13). The Court granted Plaintiff's motion for default judgment and granted declaratory judgment relief. Accordingly, the Court renders this default and declaratory judgment pursuant to Federal Rule of Civil Procedure 55.

**IT IS ORDERED** that the Court issues a declaratory judgment that:

(1) the material allegations of PHH's complaint are deemed admitted by Defendants;

(2) default occurred on the Note executed by Decedent Bobby Cook on or about July 13, 2016;

(3) the Deed of Trust signed by Decedent provides PHH, as the current owner of the Note and mortgagee of the Deed of Trust, a lien security interest on the Property in the event of default on the obligations of the Note;

(4) PHH is the current owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee as defined in Texas Property Code § 51.0001(4);

(5) the Deed of Trust secures the outstanding balance of the Note, attorney's fees, pre-judgment interest, post-judgment interest, and costs of court;

(6) due to default on the Note, PHH may enforce its in rem interest against the Property through non-judicial foreclosure of the Property by conducting a public auction in conjunction with all regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month;

(7) PHH may communicate with Defendants and third parties as reasonably necessary to conduct the foreclosure sale;

(8) the award of any fees, costs, or interest is not an award of personal liability against Defendants but will be added as a charge to the total debt owed by Decedent and collected against the Property at the time of foreclosure; and

(9) this is a final judgment that fully and finally resolve all claims against all parties.

This case is now **CLOSED**.

**SIGNED** on October 28, 2025.

*/s/ Robert Pitman*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE